OPINION
This appeal is from the sentence imposed in the Court of Common Pleas of Trumbull County, to a guilty plea by appellant, Earl Hough, sentencing him to seven years in prison.
On May 6, 2000, appellant, driving without a valid driver's license, struck and killed Tina Keeley and her ten year-old daughter, Christa Keeley, as they rode their bicycles along the road. After striking the mother and daughter, appellant left the scene of the accident and continued home. Appellant did not report the accident until an hour later, when he had his daughter call and tell the police that he thought he had hit someone.
Appellant was later arrested and charged with 5 counts: two counts of aggravated vehicular homicide while driving under suspension, in violation of R.C. 2903.06(A)(2) and (B)(1)(b); and, failure to stop after an accident or collision, in violation of R.C. 4549.02 4549.99(B).
Pursuant to a plea agreement, appellant pleaded guilty to two counts of aggravated vehicular homicide recklessly caused while driving under suspension and one count of failure to stop after an accident or collision.
At the sentencing hearing, appellant produced videotape of the deposition of Dr. Harvey M. Friedman, who testified that appellant's erratic driving could have been caused by a blow to the head. The tape did not include cross-examination by the state. Appellant also introduced two witnesses, who testified that he had, in fact, been hit on the head by a log earlier that day, but that he seemed able to drive home.
The court then heard victim impact statements from seven individuals. Four of these statements were from members of the victims' family; one was from a friend of Tina Keeley; one was from the registered nurse, who was the first person on the scene of the accident after appellant left; and one was from the superintendent of Lordstown schools, which Christa attended. These statements were heard with no objection from appellant.
Pursuant to the sentence recommendation included in the plea bargain agreement, the court sentenced appellant to a prison term of six years for each of the aggravated vehicular homicide counts, and a prison term of one year on the count of leaving the scene of an accident, each term to be served consecutively.
From this judgment, appellant raises the following assignments of error:
 "[1.] The trial court erred when it permitted numerous individuals, rather than the victim's [sic] representative to address the court at sentencing with victim impact evidence, depriving appellant of a fair proceeding.
 "[2.] The trial court erred in its decision to impose more than the minimum prison term as to counts four, five and six; its decision to impose the maximum sentence as to count five; and its decision to impose all three sentences consecutively.
In his first assignment of error, appellant argues that, because the court heard statements from individuals who were not the victims or the victims' representative, he was deprived of a fair hearing.
The court need not address this assignment of error, as appellant did not object to the presentation of any of these statements. Ohio law is clear that: "[a]n appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Williams
(1977), 51 Ohio St.2d 112, paragraph one of the syllabus, vacated, in part, on other grounds (1978), 438 U.S. 911. It is of no consequence that appellant states his assignment of error in constitutional terms. Id. at 117.
Crim.R. 52(B) provides that, even though they were not brought to the attention of the court, plain errors may be noticed by the court, either on the motion of counsel or sua sponte. "Plain error does not exist unless it can be said that but for the error the outcome of the trial would clearly have been otherwise." State v. Moreland (1990),50 Ohio St.3d 58, 62. In addition, "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
In this case, it cannot be said that the outcome of the sentencing hearing clearly would have been different had the statements not been given. Appellant was sentenced to exactly the sentence recommended as part of his plea-bargain agreement with the state.
Furthermore, even if this court were to consider appellant's assignment of error, it would not be well taken. Appellant argues that only one representative should have been allowed to give a victim impact statement before the court. Appellant's argument for a limitation on the number of victim impact statements a court may accept, at its discretion, is unfounded. The statute requiring a sentencing hearing, R.C. 2929.19(A)(1), allows the court to hear statements from anyone with information relevant to the imposition of a sentence in the case. Thus the court is clearly not limited to hearing a statement from only one representative.
While a few of the statements included recommendations as to the sentence the court should impose, there is no indication that the trial court was influenced by these recommendations when making its sentencing decision. It is presumed that a judge will consider only proper evidence when arriving at its judgment, unless it affirmatively appears to the contrary, and the admission of these comments is not reversible error without an indication that the judge was influenced or relied on the information when making his sentencing decision. State v. Fautenberry,72 Ohio St.3d 435, 439, 1995-Ohio-209. From a review of the record of the hearing, it is clear that the key influence on the judge at the sentencing hearing was the sentence recommendation made in the plea-bargain agreement, not the victim impact statements. Appellant's first assignment of error is without merit.
In appellant's second assignment of error, he argues that the trial court erred in sentencing him, because the trial court did not make the proper findings on the record. Appellant asserts that three elements of his sentence were contrary to law: first, the court did not make the proper findings to sentence him to more then the minimum sentences; second, the court did not make the proper findings to impose the maximum sentence on the charge of leaving the scene of an accident; and third, the court did not make the proper findings to impose these sentences consecutively. For the sake of clarity, we will address each of these issues separately.
Under R.C. 2929.14(B), when a court sentences an offender to a prison term who has not previously served a prison term, the court must sentence the offender to the minimum term, unless the court finds, on the record, that, "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." A court need only make the required finding; it is not required to state its reasons or the operative facts behind the finding. See State v. Edmonson, 86 Ohio st.3d 324, syllabus, 1999-Ohio-110.
In the case sub judice, appellant was sentenced to more than the minimum sentence on the aggravated vehicular homicide charges, despite the fact that he had never been previously sentenced to prison. However, the trial court clearly made the correct findings to impose such a sentence. In fact, the court made both statutory findings, when only one is required. In its Entry on Sentence, the court held that: "the shortest prison term would, in this case, demean the seriousness of the offenses and would not adequately protect the public." Thus, the trial court did not err by imposing more than the minimum sentence.
Under R.C. 2929.14(C):
 "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
This court has held that these findings "must appear somewhere on the record of sentence, either in the judgment or in the transcript of the sentencing hearing." State v. Rone (Dec. 4, 1998), 11th Dist. No. 98-A-0001, 1998 Ohio App. LEXIS 5813, at *6; see also State v. Scuba
(Nov. 5, 1999), 11th Dist. No. 98-G-2176, 1999 Ohio App. LEXIS 5232, at *16-17. Furthermore, "[t]he record must contain some indication, by the utilization of specific operative facts, that the trial court considered the statutory factors in its determination." State v. Hunt (July 7, 2000), 11th Dist. No. 99-A-0033, 2000 Ohio App. LEXIS 3055, at *5.
The trial court imposed the maximum sentence on appellant for his conviction for leaving the scene of an accident. While it is true that the court did not use the precise wording of the statute, a review of the record indicates that the court did find that appellant committed the worst form of the offense and that appellant is an offender with the greatest likelihood of re-offending.
 First, the court held, in the sentencing hearing, that:
 "The harm in this case, as has been outlined by the various victims' representatives, is so great that it defies any description. We not only have the death of two fine individuals, which is bad enough in and of itself, but, in effect, we've wiped out two generations of a family. I can't imagine a more serious harm than that." (Emphasis added).
This shows that the court did consider appellant's actions and the statutory factors, and determined that appellant had committed the worst form of the offense.
The above finding would be sufficient to meet the statutory requirement, but the court went further with its holding. The court went on to say that:
 "Because of the fact that the defendant has not had a valid driver's license since I believe it's 1997 and he's been involved with many — multiple, I should say, DUIs and driving while under suspension, there is no question that there has been a failure to adhere to previous community control sanctions that have been imposed upon you. As a matter of fact, if you'd just adhered to the one sanction not to drive we wouldn't be here today."
This indicates that the court considered appellant's risk of recidivism and determined that appellant is an offender at the highest risk of recidivism. Although the court did not use precisely the language of the statute, it complied with the statute by making it clear that appellant was sentenced to the maximum sentence because he committed the worst form of the offense and he posed the highest likelihood of recidivism. SeeHunt, supra, at *9-10. It was not error for the court to sentence appellant to the maximum sentence on the count of leaving the scene of an accident.
R.C. 2929.14(E)(4) requires that, in order for a court to impose consecutive sentences on a defendant, it must find that:
 "[T]he consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
Appellant contends that the court did not make the required findings with the right amount of underlying facts and detail to sentence him to consecutive sentences. When a court sentences an offender to consecutive sentences, it must justify this imposition by making findings, which give the court's reasons for imposing consecutive sentences. State v. Hoskins
(Mar. 16, 2001), 11th Dist. No. 2000-A-0037, 2001 Ohio App. LEXIS 1232, at *9.
The court expressly found that: "consecutive terms are necessary to adequately protect the public and to adequately punish the defendant; consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the public danger posed by the defendant"; the offender's "harm is so great that a single term does not adequately reflect the seriousness of the conduct;" and, "the [d]efendant's criminal history with particular reference to defendant's previous multiple convictions for DUI and his failure to honor the law by not driving while his driving license is suspended, shows [sic] that consecutive terms are necessary to protect the public." The court thus made the findings required to sentence appellant to consecutive sentences, and gave its reasons for doing so. The court did not err by sentencing appellant to consecutive sentences. Appellant's second assignment of error is without merit.
For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.
JUDITH A. CHRISTLEY, P. J., DIANE V. GRENDELL, J., concur.